# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8213 | **DATE** | 10/23/12 |
| **CASE TITLE** | Chen, et.al v. Fusionone Electronic Healthcare, Inc., et.al | | |

**DOCKET ENTRY TEXT:**

The Court *sua sponte* dismisses the complaint for want of jurisdiction. If plaintiffs believe that they can properly allege diversity jurisdiction, then they may file an amended complaint here within 28 days. Otherwise, plaintiffs may file their claims in state court.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     A federal court must always assure itself that it has jurisdiction over a claim before it. *Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 379, 381 (7th Cir. 2001). "The party invoking jurisdiction bears the burden of establishing [jurisdiction] . . . with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Life*, 504 U.S. 555, 561 (1992). Plaintiffs, who include no federal claims in their complaint, assert that this Court has diversity jurisdiction over this case.

     This Court has jurisdiction over civil actions where the amount in controversy is greater than $75,000 and is between *citizens* of different states. 28 U.S.C. § 1332(a)(1). The first problem with plaintiffs' jurisdictional allegations is that they allege individuals' *residence*, rather than their citizenship. "[I]n federal law citizenship means domicile, not residence." *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("We have been told by authority we are powerless to question that when the parties allege residence but not citizenship, the only proper step is to dismiss the litigation for want of jurisdiction."). Plaintiffs have alleged that plaintiff Zhenquan Chen is a *resident* of Florida, that plaintiff Young Jin Hong is a *resident* of Illinois and that plaintiff Jerry Stanley is a *resident* New Jersey. Plaintiffs have alleged that defendant Kress M. Stein is a *resident* of Illinois. Plaintiffs must allege the citizenship of each of these parties.

     The second problem is that plaintiffs have not alleged complete diversity. For more than two centuries, "the diversity statute has been interpreted to require 'complete' diversity of citizenship (meaning that none of the parties on either side of the litigation may be a citizen of a state of which a party on the other side is a citizen)." *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997). Plaintiffs allege that defendant Fusionone Electronics Healthcare, Inc. is a Delaware corporation with its principal place of business in Illinois. It is, therefore, a citizen of Illinois and Delaware. 28 U.S.C. § 1332(c)(1). Plaintiffs allege that defendant Fusionone Inc. is an Illinois corporation with its principal place of business in Illinois.

| STATEMENT |
|---|
| It is, therefore, a citizen of Illinois. Although it is not clear from the complaint what states plaintiffs are citizens of, if any is a citizen of either Delaware or Illinois, the Court would lack diversity jurisdiction.<br><br>      Plaintiffs have failed to allege adequately that this Court has diversity jurisdiction over this case. Accordingly, this case is dismissed for want of jurisdiction. Because it is not clear whether the defect can be cured, the Court will grant plaintiffs 28 days to file an amended complaint if they think they can adequately allege diversity jurisdiction. Alternatively, plaintiffs may file their claims in state court. |